IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 4:07CR00036-03 GTE

JENNIFER COREY SPIKES

**SUPPLEMENTAL JUDGMENT AND COMMITMENT UPON RE-SENTENCING**

On Friday, February 6, 2009, this Court held a hearing for the purpose of conducting a resentencing at the direction of Eighth Circuit Court of Appeals. *United States v. Spikes*, 543 F.3d 1021 (8th Cir. 2008). The Eighth Circuit reversed this Court's calculation of the criminal history portion of Ms. Spike's advisory sentencing range under the United States Sentencing Guidelines finding that two points were improperly added to her criminal history score for being under a "criminal justice sentence" when she committed the instant offense. U.S.S.G. § 4A1.1(d). The effect of the two points was to move the Defendant from Criminal History Category I/Offense Level 33, with a guideline range of 135-168 months to Criminal History Category II/Offense Level 33, with a guideline range of 151-188 months. Finding that the record did not indicate whether the district court would have imposed the same sentence of 160 months if the Guidelines had been computed properly, the Eighth Circuit remanded for resentencing.

For the reasons explained below, at the conclusion of the hearing the Court imposed a sentence of 120 months, after determining that the properly calculated guideline range is 108 to 135 months, based upon an offense level of 31 and criminal history category I.

**The Hearing**

During the resentencing, the Court permitted the Government (over Defendant's objection) to present evidence to support its argument that the true facts would demonstrate that in fact Ms. Spikes had entered a "conditional plea of guilty" to the 2005 state court conviction for third-degree battery, for which she was sentenced to 14 weeks of anger management courses and directed to refrain from any further criminal conduct. By presenting such facts, the Government sought to support its argument that Defendant's sentence did include a supervisory component within the meaning of U.S.S.G. § 4A.1(d) application note 4. The evidence presented, however, was to the contrary.

The Government presented the testimony of Sandra Cummings, Deputy Clerk Pulaski County District Court. Ms. Cummings testified, based on her review of Pulaski County District Court records and a docket sheet on which the presiding state court judge had hand-written "conditional plea of guilty" by Defendant's name, that Ms. Spikes had in fact entered a conditional plea of guilty to the offense rather than simply deferring the prosecution of the case.

In response, the defense called the Defendant, her mother (Debbie Ann Koon), and Betsy Johnson, the defense attorney appointed to represent both Defendant and Ms. Koon on the state court charge. Ms. Johnson testified that neither the Defendant, nor her mother, pled guilty, conditionally or otherwise. Ms. Johnson testified that she requested on behalf of both Defendant and her mother, a "pass to dismiss" as a result of which it was understood that if Defendant and her mother completed the anger management class, the charges would be dropped.[1] If the class had not been completed, the charge would have been set for trial. The Court credits Ms.

---

[1] Ms. Johnson noted that it was only under such circumstance that she was able to represent both Defendants.

Johnson's uncontroverted testimony that Defendant never admitted guilt or even spoke to the judge during her state court appearance.  The Court further credits Ms. Johnson's explanation of why the state court judge had noted "conditional plea of guilty" on the docket sheet.  Ms. Johnson explained the past problems with the state judge's use of the terms "conditional plea of guilty" and "reserve judgment" (to connote that the state may pass on the case) interchangeably.  The Court found Ms. Johnson's testimony credible.

Based on the evidence, it appears that the true facts are that Defendant was never convicted of the state court third degree battery charge.  Accordingly, no points should have been assessed for the charge.  Thus, Defendant has no criminal history points and is in criminal history category I.

### Guideline Calculation and Imposition of Sentence

Because Defendant is now in criminal history category I, she qualifies for the safety valve.  *See* U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2 (emphasis added); 18 U.S.C. § 3553(f).  After receiving a two point decrease in her offense level, the recalculated offense level is 31.  The corresponding Guidelines' recommendation is 108-135 months.

For the reasons stated on the record, the Court imposed a sentence of **ONE HUNDRED TWENTY (120) MONTHS** in the custody of the Bureau of Prisons.  All other recommendations and conditions of the original Judgment and Commitment shall remain in full force and effect.

IT IS SO ORDERED this 10th day of February, 2009.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE